JUDGE RAMOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
SARAH COHEN, on behalf of herself
and the class defined herein,

       Plaintiffs,

v.

RUBIN & ROTHMAN, LLC and
CAPITAL ONE BANK (USA), N.A.

       Defendants.
------------------------------------X

12 CIV 1187

**CLASS ACTION COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Rubin & Rothman, LLC ("Rubin & Rothman") and Capital One Bank (USA), N.A. ("Capital One"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and New York State General Business Law §349 ("GBL 349") for deceptive practices.

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f. The GBL §349 prohibits deceptive practices in business.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), and 28 U.S.C. §1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. The events giving rise to this action occurred within this District;

   b. Defendants do business within this District.

## PARTIES

5. Plaintiff, Sarah Cohen ("Cohen"), is an individual who resides in Rockland County, New York.

6. Defendant, Rubin & Rothman LLC, is a limited liability corporation chartered under New York law with offices at 1787 Veterans Highway, Islandia, New York 11722.

7. Defendant, Capital One Bank (USA), N.A., is a banking entity and/or a corporation with headquarters at 1680 Capital One Drive in Mclean, Virginia 22102.

8. Upon information and belief, Rubin & Rothman, LLC is a law firm engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

9. On or about January 30th 2012, a complaint was filed, with an index number of 03043-2012, in the Supreme Court of the State of New York, County of Rockland captioned "Capital One Bank (USA), N.A. –against– Sarah Cohen" for $1,488.34 for breach of a credit card agreement as well as for an account stated. The complaint was signed by the law firm of Rubin & Rothman LLC. See Exhibit A.

). At all relevant times Rubin & Rothman was acting in concert with Capital One in order to collect this debt.

. On or about February 7th, 2012 plaintiff received a letter from Rubin & Rothman stating the account which had been sued upon had a balance due of $1,698.34. This is a $210 increase over the amount upon which was sued. See Exhibit B.

. Upon information and belief, plaintiff was now being charged $210 for the cost of the index number which is the current correct cost of an index number in the Supreme Court of the State of New York.

1 . The Uniform City Court Act § 202 provides "the court shall have jurisdiction of actions and proceedings for the recovery of money…. where the amount sought…. does not exceed fifteen thousand dollars exclusive of interest and costs."

1 . The lawsuit filed against plaintiff could have been brought in a city court because it was seeking less than $15,000.

1 . The Civil Practice Law and Rules ("CPLR") are the applicable rules for cases brought in the Supreme Court of the State of New York.

1 . Because the action was brought against plaintiff in the Supreme Court of the State of New York, the CPLR contains the applicable rules.

1 . The CPLR § 8102 entitled "Limitation of Costs Where Action Brought in Higher Court" states that "A plaintiff is not entitled to costs:……

. In an action brought in the supreme court in a county not within the city of New York which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, unless he shall recover five hundred dollars or more."

15. When plaintiff received the letter from Rubin & Rothman on or about February 7th, 2012, Capital One had not recovered any money as plaintiff still had time to respond to the complaint.

16. The letter nevertheless stated that he had a balance due of $1,698.34 which included the cost of purchasing the index number.

17. Charging a consumer for the costs in an action which could have been brought in a court of lower monetary jurisdiction is directly not allowed by the statute unless $500 has been recovered.

18. Defendant's conduct was willful.

19. It is the policy of New York to have a money action brought in the lowest court jurisdiction competent to entertain it. This policy is effectuated by certain penalties and incentives delineated in CPLR § 8102 which does not allow costs in a situation such as plaintiff's.

20. In conveying Exhibit A and Exhibit B, defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal credit card.

21. Exhibit A and Exhibit B are standard form documents.

22. More than 50 examples of Exhibit A and Exhibit B have been conveyed during the last 12 months.

23. More than 40 examples have occurred where Rubin & Rothman on behalf of Capital One has sued in the Supreme Court of the State of New York when there is a lower competent jurisdiction to hear the case in the past 3 years.

27. Exhibit A and Exhibit B are conveyed to consumers with the knowledge and consent of defendants.

28. Documents in the form represented by Exhibit A and Exhibit B are regularly conveyed to collect delinquent debts.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### (Against Rubin & Rothman)

29. Plaintiff incorporates by reference paragraphs all of the preceding paragraphs of this Complaint as though fully stated herein.

30. The conduct of Rubin & Rothman in this case violates 15 U.S.C. §§1692, 1692e and 1692f.

31. Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.....

(2) The false representation of-

(A) the character, amount, or legal status of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt.

Section 1692f entitled Unfair Practices provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

3.. By acting as it did, Rubin & Rothman violated the above quoted provisions of the statute because it contained a falsely inflated balance.

3. By adding unlawful costs to plaintiff's balance Rubin & Rothman violated the above quoted provision of the statute.

3. As a result of the illegal conduct of Rubin & Rothman, plaintiff is entitled to statutory damages pursuant to 1692k.

## COUNT II

## VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349

### (Against Rubin & Rothman and Capital One)

3. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully stated herein.

3. The conduct of Rubin & Rothman and Capital One in charging unlawful fees constitutes deceptive or materially misleading activity that is directed at consumers and caused consumers to suffer financial injuries of having increased debt.

3. As a result of the unlawful fees which the defendants willfully and intentionally imposed, plaintiff is entitled to damages pursuant to GBL § 349 of $50 plus $630 which is three times the $210 charge which was unlawfully assessed.

## CLASS ALLEGATIONS

3. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

3. The first class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county but not in one of the five boroughs of New York City (d) in which Rubin & Rothman is the attorney for Capital One (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (f) an index fee was imposed on the debtor prior to a judgment being entered (g) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

4. The second class consists of (a) all individuals (b) with a New York address (c) who have had an action filed against them in a Supreme Court of the State of New York in any county but not in one of the five boroughs of New York City (d) in which Capital One is the plaintiff and Capital One is represented by the law firm of Rubin & Rothman (e) where there was a court of lower monetary jurisdiction that was available to hear such dispute and (f) an index fee was imposed on the debtor prior to a judgment being entered (g) on or after a date three years prior to the filing of this action and on or before a date 20 days after the filing of this action.

4. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of each class.

4. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question as to each class is whether the activities of the defendant(s) violate the FDCPA and/or the GBL 349.

4. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

4. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

4. A class action is superior for the fair and efficient adjudication of this matter, in that:

a. individual actions are not economically feasible;

b. members of the class are likely to be unaware of their rights;

c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA and GBL § 349.

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      February 17, 2012

                              **The Law Offices of Shimshon Wexler, PC**

                            By: _/s/ Shimshon Wexler_
                            Shimshon Wexler (SW0770)
                            *Attorney for Plaintiff*
                            2710 Broadway, 2nd Floor
                            New York, New York 10025
                            Tel: (212)760-2400
                            Fax: (917)512-6132
                            swexler@collectorabuselaw.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                                    _/s/ Shimshon Wexler_
                                                        Shimshon Wexler

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND                                Index No.

-------------------------------
CAPITAL ONE BANK (USA), N.A.

                            Plaintiff
           -against-
SARAH COHEN                                      COMPLAINT (COPY)

                            Defendant(s)
-------------------------------

Plaintiff, by its attorneys, complaining of the defendant(s), alleges:

### AS AND FOR A FIRST CAUSE OF ACTION

1. Defendant(s) resides in the county in which this action is brought; or transacted business in the county in which this action is brought in person or through an agent, or this cause of action arose out of said transaction. Plaintiff is not required to be licensed by the NYC Dept of Consumer Affairs because it is a passive debt buyer or the original creditor.
2. Plaintiff is a national banking association.
3. Defendant(s) used a credit card issued by plaintiff and agreed to make payments for goods and services charged and/or cash advances made upon such card.
4. Defendant(s) failed to make the payments due pursuant to such agreement, and $ 1,488.34 is now due and owing to plaintiff from defendant(s), together with interest on $ 1,488.34 from 6/25/11 at the rate of .00 % per annum.

### AS AND FOR A SECOND CAUSE OF ACTION

5. Defendant(s) accepted plaintiff's statements without objection.
6. By reason thereof, an account was stated between plaintiff and defendant(s) in the aforesaid amount.

WHEREFORE, plaintiff requests judgment against defendant(s) in the sum of $ 1,488.34, with interest on $ 1,488.34 from 6/25/11 at the rate of .00 % per annum and the costs and disbursements of this action.

Dated: Islandia, New York
       JANUARY 26, 2012

                                    RUBIN & ROTHMAN, LLC
                                    Attorneys for Plaintiff
                                    1787 Veterans Highway
                                    Islandia, N.Y. 11749
                                    (631) 234-1500

Deponent is an attorney associated with Rubin & Rothman, LLC. To the best of deponent's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the summons and complaint or the contentions therein are not frivolous as defined in section 130-1.-(c) of the Rules of the Chief Adm. and the matter was not obtained through illegal conduct or in violation of 22 NYCRR 1200.41-a (DR 7-111).

Dated:    JANUARY 26, 2012
                                              _____/S/_____
                                              KEITH H. ROTHMAN


WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
NYC DCA LIC. 1249720
Our File No. 101249        2,467         0-      0       0      SZA

# EXHIBIT B

1012469   S01                                                                                       RA2/SLB

JOSEPH RUBIN (1927-1994)  # RUBIN & ROTHMAN, LLC                ADAM V. ACUFF[1]
KEITH H. ROTHMAN[1]                                             MARK BRAVERMAN[1]
                              ATTORNEYS AT LAW                  SHARI BRAVERMAN[1]
NEW JERSEY OFFICE:       1787 VETERANS HIGHWAY SUITE 32         DAVID K. KOWALENKO[1,2]
190 NORTH AVENUE EAST            P.O. BOX 9003                  JOSEPH LATONA[1]
P.O. BOX 8                     ISLANDIA, N.Y. 11749             SUBY MATHEW[1]
CRANFORD, N.J. 07016           TEL (631) 234-1500               ERIC S. PILLISCHER[1]
TEL (908) 931-0017                                              FRANK ROTHMAN[1]
FAX (908) 931-0660             FAX (631) 234-1138               SCOTT H. RUMPH[1]
                                                                ANGELO L. SIRAGUSA[1]
MARY LACOSTE                   NYC DCA LIC. 1249720             CHRISTOPHER VIRGA[1]
DIRECTOR OF OPERATIONS          1-877-347-2289                  ELIZABETH T. VRACHNAS
                            RAFAEL FRIAS   EXT 461              VALERIE E. WATTS[1]
                                                                DIANA K. ZOLLNER[2]
                                February 04, 2012
                                                                [1] MEMBER N.Y. BAR
                                                                [2] MEMBER N.J. BAR

                                                                X REPLY TO N.Y. OFFICE
SARAH CO▒EN                                                     _ REPLY TO N.J. OFFICE
8 WHITE ▒IRCH DR
POMONA, ▒Y 10970-3405


                    OUR FILE NO:   1012469
                      CREDITOR:    CAPITAL ONE BANK (USA), N.A.
                    BALANCE DUE:   $    1,698.34

Dear Sir/M▒dam,

Tax season is a wonderful time to use your tax refunds to take
advantage ▒f our money saving offer.

We are eag▒r to discuss a settlement of your delinquent
account an▒ are prepared to negotiate a DISCOUNT of the balance due.

Please giv▒ us a call at the number above to discuss a
settlement

All checks should be sent to P.O. Box 550, Islandia, New York 11749,
payable to RUBIN & ROTHMAN, as attorneys, and refer to file# 1012469.

In additio▒ to personal checks, we accept WESTERN UNION and electronic
payments.  You may make electronic payments on-line at RRLLC189.com
or by call▒ng us during office hours.


EVEN IF YO▒ ARE NOT ABLE TO PAY AT THIS TIME, PLEASE CALL US TO
DISCUSS YO▒R FINANCIAL CIRCUMSTANCES.


                              RUBIN & ROTHMAN, LLC


WE ARE ATT▒MPTING TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE
USED FOR T▒AT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.